### H. & T. C. R. R. Co. v. R. A. Watkins.

(No. 207, Op. Book No. 1, p. 651.)

Error from Navarro County.  Opinion by Ector, P. J.

§ 345. *Liability of railroad for medical services rendered at the employment of a roadmaster.* Where the evidence showed that the roadmaster who employed the physician to attend a party employed, injured by the road, was an official whose duties were limited to a superintendence of the road-bed, track, etc., and to see that the road is kept in safe repair and condition; and where it was further shown that the superintendents and general officers of the road were alone authorized to employ physicians in such cases, *held,* that the roadmaster acted beyond the scope of his authority and agency, and therefore could not bind the road.

It is the duty of railroad companies to have some officer or agent at all times competent to exercise a discretionary authority in such cases, and on grounds of public policy they should not be suffered to do otherwise. But it is a fact, to which this court will not close its eyes, that in emergencies every person connected with the road can open communication with the superintendent and officers in less time than it has taken us to write this sentence. Having officers charged with the duty of seeing to it that the necessary attention is rendered to the injured in case of accident, this court will not infer that any and every employee has authority to bind the company by employing physicians and surgeons whenever they please or think it proper to do so.

June 15, 1878.            Reversed and remanded.